# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| IN RE: TENNESSEE SEX OFFENDER | ) | Case No. 3:26-cv-00300 |
| REGISTRY | ) | |
| | ) | JUDGE CAMPBELL |

## ORDER

As discussed during the status conference on April 14, 2026, over one hundred (100) cases have been filed in this District challenging Tennessee's sex offender restrictions and monitoring requirements as set forth in the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004, Tenn. Code Ann. § 40-39-201, *et seq*. (the "SORA Cases"). The SORA cases were recently reassigned to a single district judge with the goal of efficient and consistent resolution of the cases.

### A. Use of the Master Case

To streamline review of the SORA Cases, the Court has created a master case to communicate with the parties on common topics and to issue orders applicable to all cases on topics such as case management and discovery. The master case is captioned *In re: Tennessee Sexual Offender Registry*, Case No. 3:26-cv-00300. A list of all cases with a "SORA" designation is attached to this Order as Exhibit 1.

Counsel may contact the Clerk regarding any case they believe should be designated as SORA case. Additional cases will be added as appropriate. Likewise, if an attorney in a designated SORA case is not receiving CM/ECF notifications from the master case, he or she may contact the Clerk.

The master case will be used *only* by the Court to communicate with the parties regarding common issues. The Court will enter case-specific orders in the individual case. The parties should

not make *any* filings in the master case, unless otherwise ordered. All motions must be filed in the appropriate individual case.

## B. The Questionnaire

As explained during the status conference, identification of common factual and legal issues among the cases will streamline resolution and ultimately save time and resources for the Court and the parties. To that end, the Court has created a questionnaire to gather case-specific information from each individual plaintiff. A hard copy of the questionnaire was provided to counsel for discussion purposes during the status conference. Certain modifications have been made in response to feedback from counsel.

The Courtroom Deputy will email counsel a link to the online questionnaire.[1] Using the link provided, counsel shall submit a completed form for **each individual plaintiff** on or before June 12, 2026. **The Court will only accept electronic submissions of the questionnaire**. Answer every question as thoroughly as possible. As a reminder, this questionnaire will be used solely for administrative purposes and to gather information to aid in judicial and case efficiency. For transparency, Plaintiffs' responses will be provided to Defendants and may ultimately be shared with SORA member cases to facilitate discussions of common issues and consolidation. However, no response will be treated as pleadings or admissions, or be used by any party as evidence or impeachment.

Questions about the form or the scope of information requested may be sent to operationsmanager@tnmd.uscourts.gov.

---

[1] A pdf version of the questionnaire is attached to this Order as Exhibit 2. The printed version is solely for reference. Each party shall submit responses online through the provided link. Any attorney who has not received the link to the form by April 24, 2026, should contact the Courtroom Deputy.

**C. Next Steps**

A status conference will be held on **June 22, 2026, at 10:30 a.m. CDT** in Courtroom 6B. The parties shall be prepared to discuss the subjects outlined below.

Before the status conference, counsel for plaintiffs are directed to confer to determine if there is any agreement among plaintiffs regarding coordination of the cases. The Court suggests that it would be helpful if Plaintiffs collectively designate an attorney or small group of attorneys to serve as "spokesperson(s)" for the Plaintiffs solely for purposes of these discussions and communications with the Court concerning the outcome of these discussions. Plaintiffs should consider collectively whether the claims are suitable for class consideration or consolidation and whether discovery can be coordinated. Plaintiffs should also discuss whether they can reach agreement among themselves on a proposal for a narrowly tailored preliminary injunction that would be sufficient for all pending cases.

After Plaintiffs' counsel have conferred, they (or Plaintiffs' designated spokesperson(s)) must then confer with counsel for Defendants (specifically Cody Brandon) to determine whether agreement can be reached regarding the issues listed above, including the scope of a preliminary injunction.

If the parties are able to reach agreement on a preliminary injunction, they shall notify the Court and file the agreed proposed preliminary injunction in the master case. *Note: this is an exception to the previous instruction not to make any filings in the master case.*

The Clerk shall file a copy of this Order in all SORA Cases. (*See* Exhibit 1).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

4

| SORA CASES (Case Number / Name) |
|---|
| 1:23-cv-00027<br>Doe v. Lee et al. |
| 1:24-cv-00018<br>Doe v. Lee et al. |
| 2:22-cv-00004<br>Doe v. Lee et al. |
| 2:23-cv-00018<br>Doe #1 v. Lee et al. |
| 2:23-cv-00067<br>Doe v. Lee et al |
| 2:23-cv-00071<br>Doe v. Lee et al. |
| 2:23-cv-00073<br>Doe v. Lee et al. |
| 2:24-cv-00024<br>Doe #057 v. Lee et al. |
| 2:24-cv-00025<br>Doe #058 v. Lee et al. |
| 2:24-cv-00078<br>Doe #1 et al v. Rausch et al. |
| 2:26-cv-00004<br>Doe (SAS) v. Rausch et al. |
| 3:17-cv-00995<br>Rausch v. Haslam et al. |
| 3:20-cv-00728<br>Doe v. Rausch |
| 3:20-cv-00916<br>Brown v. Lee et al. |
| 3:21-cv-00041<br>Newsome v. Lee et al |
| 3:21-cv-00590<br>Does #1 - #8 v. Lee et al. |
| 3:21-cv-00593<br>Doe #2 v. Lee et al. |
| 3:21-cv-00594<br>Doe #3 v. Lee et al. |
| 3:21-cv-00595<br>Doe #4 v. Lee et al. |
| 3:21-cv-00596<br>Doe #5 v. Lee et al. |
| 3:21-cv-00597<br>Doe #6 v. Lee et al. |
| 3:21-cv-00598<br>Doe #7 v. Lee et al. |
| 3:21-cv-00624<br>Doe #8 v. Lee et al. |

| |
|---|
| [3:21-cv-00671](#)<br>Doe #9 v. Lee et al. |
| [3:22-cv-00181](#)<br>Craig v. Lee et al. |
| [3:22-cv-00208](#)<br>Doe v. Lee, et al. |
| [3:22-cv-00338](#)<br>Winters v. Lee et al. |
| [3:22-cv-00373](#)<br>Hodges v. Lee et al. |
| [3:22-cv-00395](#)<br>Hardaway v. Lee et al. |
| [3:22-cv-00569](#)<br>Myrick v. Lee et al. |
| [3:22-cv-00712](#)<br>Doe #12 v. Lee et al. |
| [3:22-cv-00831](#)<br>Doe #13 v. Lee et al. |
| [3:22-cv-01004](#)<br>Nichols v. Lee et al. |
| [3:22-cv-01075](#)<br>Doe #14 v. Lee et al. |
| [3:23-cv-00038](#)<br>Holloway v. Lee et al. |
| [3:23-cv-00100](#)<br>Nunley v. Rausch |
| [3:23-cv-00114](#)<br>Burkhart v. Rausch et al. |
| [3:23-cv-00120](#)<br>Lamar v. D.A. Knoxville Criminal Court |
| [3:23-cv-00311](#)<br>McGhee v. Lee et al. |
| [3:23-cv-00562](#)<br>Jones v. Lee et al. |
| [3:23-cv-00564](#)<br>Doe v. Lee et al. |
| [3:23-cv-00592](#)<br>Doe #1 v. Lee et al. |
| [3:23-cv-00634](#)<br>Doe #1 (JCA) et al. v. Lee et al. |
| [3:23-cv-00640](#)<br>Doe (DEA) v. Lee et al. |
| [3:23-cv-00651](#)<br>Doe (JDR) v. Lee et al. |
| [3:23-cv-00655](#)<br>Doe v. Lee et al. |
| [3:23-cv-00784](#)<br>Doe #1 (MSA) et al. v. Lee et al. |

| |
|---|
| [3:23-cv-00786](#)<br>Doe #1 (SLA) et al. v. Lee et al. |
| [3:23-cv-00834](#)<br>Doe (GEA.1) v. Lee et al. |
| [3:23-cv-00877](#)<br>Doe (RB) v. Lee et al. |
| [3:23-cv-00887](#)<br>Doe v. Lee et al. |
| [3:23-cv-00894](#)<br>Doe v. Lee et al. |
| [3:23-cv-00941](#)<br>Oliver v. Lee et al. |
| [3:23-cv-00943](#)<br>Doe (ADD) v. Lee et al. |
| [3:23-cv-00956](#)<br>Doe v. Lee et al. |
| [3:23-cv-00967](#)<br>Doe #1 (PTH) et al. v. Lee et al. |
| [3:23-cv-00971](#)<br>Doe v. Lee et al. |
| [3:23-cv-00978](#)<br>Doe v. Lee et al. |
| [3:23-cv-00993](#)<br>Thorpe v. Tennessee General Assembly et al. |
| [3:23-cv-00996](#)<br>Doe v. Lee et al. |
| [3:23-cv-01187](#)<br>Doe v. Lee et al. |
| [3:23-cv-01221](#)<br>Doe (TLM) v. Lee et al. |
| [3:23-cv-01223](#)<br>Doe v. Lee et al. |
| [3:23-cv-01240](#)<br>John Does 1-8 v. Lee et al. |
| [3:23-cv-01241](#)<br>Doe v. Lee et al. |
| [3:23-cv-01267](#)<br>Doe v. Lee et al. |
| [3:23-cv-01272](#)<br>Doe (JEB) v. Lee et al. |
| [3:23-cv-01276](#)<br>Doe v. Lee et al. |
| [3:23-cv-01294](#)<br>Doe v. Lee et al. |
| [3:23-cv-01297](#)<br>Doe v. Lee et al. |
| [3:23-cv-01332](#)<br>Doe v. Lee et al. |

| |
|---|
| [3:23-cv-01335](#)<br>Doe v. Lee et al. |
| [3:23-cv-01366](#)<br>Sanford v. Lee et al. |
| [3:24-cv-00004](#)<br>Doe v. Lee et al. |
| [3:24-cv-00009](#)<br>Doe #1 (DTB) et al. v. Lee et al. |
| [3:24-cv-00014](#)<br>Doe v. Lee et al. |
| [3:24-cv-00059](#)<br>Doe v. Lee et al. |
| [3:24-cv-00063](#)<br>John Doe # 1 (BLB) et al. v. Lee et al. |
| [3:24-cv-00098](#)<br>Doe v. Lee et al. |
| [3:24-cv-00108](#)<br>Doe v. Lee et al. |
| [3:24-cv-00144](#)<br>Doe (DJB) v. Lee et al. |
| [3:24-cv-00186](#)<br>Doe #1 (LWB) et al. v. Lee et al. |
| [3:24-cv-00188](#)<br>Doe v. Lee et al. |
| [3:24-cv-00219](#)<br>Doe v. Lee et al. |
| [3:24-cv-00247](#)<br>Doe v. Lee et al. |
| [3:24-cv-00249](#)<br>Doe (WEA) v. Lee et al. |
| [3:24-cv-00265](#)<br>Doe v. Lee et al. |
| [3:24-cv-00266](#)<br>John Doe #1 (EDB) et al. v. Lee et al. |
| [3:24-cv-00275](#)<br>Doe v. Lee et al. |
| [3:24-cv-00361](#)<br>Doe #1 (ELA) et al. v. Lee et al. |
| [3:24-cv-00373](#)<br>Doe (WDM) v. Lee et al. |
| [3:24-cv-00378](#)<br>John Doe (KWS) v. Lee et al. |
| [3:24-cv-00421](#)<br>John Doe (RWC) v. Lee et al. |
| [3:24-cv-00474](#)<br>Doe (HWB) v. Lee et al. |
| [3:24-cv-00485](#)<br>Liles v. Lee et al. |

| | |
|---|---|
| [3:24-cv-00540](#)<br>Doe #1 (JRC) et al. v. Lee et al. | |
| [3:24-cv-00543](#)<br>Doe v. Lee et al. | |
| [3:24-cv-00554](#)<br>Doe v. Lee et al. | |
| [3:24-cv-00585](#)<br>Doe #1 MLC et al. v. Lee et al. | |
| [3:24-cv-00620](#)<br>Doe (RJC) v. Lee et al. | |
| [3:24-cv-00644](#)<br>Audette III v. Lee et al. | |
| [3:24-cv-00677](#)<br>Filauro v. Rausch | |
| [3:24-cv-00692](#)<br>John Doe (RLM) v. Lee et al. | |
| [3:24-cv-00696](#)<br>Doe (JDC) v. Lee et al. | |
| [3:24-cv-00713](#)<br>Doe (PDB) v. Lee et al. | |
| [3:24-cv-00733](#)<br>Clem v. Rausch | |
| [3:24-cv-01047](#)<br>Doe v. Lee et al. | |
| [3:24-cv-01376](#)<br>Doe v. Rausch et al. | |
| [3:24-cv-01403](#)<br>Doe v. Rausch et al. | |
| [3:25-cv-00858](#)<br>Doe v. Rausch | |
| [3:25-cv-00886](#)<br>Doe #1 v. Strada et al. | |
| [3:25-cv-00919](#)<br>Doe (JJS) v. Rausch | |
| [3:25-cv-01091](#)<br>Doe v. Rausch et al. | |
| [3:25-cv-01235](#)<br>Buchanan v. Rausch | |
| [3:26-cv-00098](#)<br>John Doe #1 v. Rausch et al. | |
| [3:26-cv-00102](#)<br>Doe v. Rausch et al. | |
| [3:26-cv-00105](#)<br>Doe v. Strada et al. | |

# EXHIBIT 2

11

# SORA Plaintiff Questionnaire

For administrative purposes, fill out one form for each individual plaintiff. Answer every question as thoroughly as possible. If you have questions as to the information requested, reach out to operationsmanager@tnmd.uscourts.gov. No answers in this questionnaire will be treated as pleadings, admissions, or discoverable information. The information requested is for the sole usage of the Court and will remain so.

* Required

1. Lead Counsel Name *

2. Email Address for Questions Regarding Answers to this Questionnaire *

3. Plaintiff Name as Appears on Docket *

4. Plaintiff Actual Name/Initials if Appearing as Doe/Pseudonym on Docket

5. Underlying Offense #1 (Most Recent) - Enter Code/Description *

Please enter the statutory code (and subsection, if applicable) for the underlying offense requiring Plaintiff to register under SORA (e.g. "Sexual battery, under § 39-13-505")

6. Underlying Offense #1 Offense Date *

Please select the date of the offense for the underlying offense requiring Plaintiff to register under SORA (if multiple dates or a range of dates, provide the most recent)

🗓

7. Underlying Offense #1 Conviction Date *

Please select the date of the conviction for the underlying offense requiring Plaintiff to register under SORA

🗓

8. Underlying Conviction #1 Jurisdiction *

E.g. Davidson County, TN or Middle District of TN

[                                                                    ]

9. Underlying Conviction #1 Sentence Imposed *

E.g. 6 months imprisonment, probation, community service, etc. (if sentence was modified, include the modified sentence and date of modification)

[                                                                    ]

10. Underlying Offense #2 - Enter Code/Description (if applicable)

[                                                                    ]

11. Underlying Offense #2 Offense Date (if applicable)

[                                                                🗓 ]

12. Underlying Offense #2 Conviction Date (if applicable)

[                                                                🗓 ]

13. Underlying Conviction #2 Jurisdiction (if applicable)

[                                                                    ]

14. Underlying Conviction #2 Sentence Imposed (if applicable)

[                                                                    ]

15. Underlying Offense #3 - Enter Code/Description (if applicable)

[                                                                    ]

16. Underlying Offense #3 Offense Date (if applicable)

[                                                                🗓 ]

17. Underlying Offense #3 Conviction Date (if applicable)

[                                                                    🗓]

18. Underlying Conviction #3 Jurisdiction (if applicable)

[                                                                      ]

19. Underlying Conviction #3 Sentence Imposed (if applicable)

[                                                                      ]

20. Underlying Offense #4 - Enter Code/Description (if applicable)

[                                                                      ]

21. Underlying Offense #4 Offense Date (if applicable)

[                                                                    🗓]

22. Underlying Offense #4 Conviction Date (if applicable)

[                                                                    🗓]

23. Underlying Conviction #4 Jurisdiction (if applicable)

[                                                                      ]

24. Underlying Conviction #4 Sentence Imposed (if applicable)

[                                                                      ]

25. Underlying Offense #5 - Enter Code/Description (if applicable)

[                                                                      ]

26. Underlying Offense #5 Offense Date (if applicable)

[                                                                    🗓]

Case 3:26-cv-00105     Document 16     Filed 04/20/26     Page 14 of 17 PageID #: 203

27. Underlying Offense #5 Conviction Date (if applicable)

28. Underlying Conviction #5 Jurisdiction (if applicable)

29. Underlying Conviction #5 Sentence Imposed (if applicable)

30. Is There an Additional Non-Tennessee Offense That Requires Plaintiff to Register Under SORA? *

    ◯ Yes

    ◯ No

31. If the Answer to 30 Was "Yes," Provide the Offense, Offense Date, Conviction Date, Jurisdiction, and Sentence Imposed.

    E.g. Sexual battery, 01/01/2000, 01/01/2002, Fayette County, KY, probation

32. Current Classification Status *

    As listed if SORA classifications are retroactive

33. Believed Classification Status *

    If different from 32, and as listed if SORA classifications are not retroactive

34. Current Incarceration/Supervision Status and Projected End Date *

    E.g. on probation, reporting only, supervised release, community supervision for life, etc.

**Case 3:26-cv-00105     Document 16     Filed 04/20/26     Page 15 of 17 PageID #: 204**

35. Current TNMD Full Case No. *

E.g. 3:26-cv-12345

[                                                                                ]

36. Current TNMD Case Status *

◯ Stayed

◯ Administratively Closed

◯ Open

37. Who Are the Current Defendants? *

[                                                                                ]

38. Are There Pending Motions in This Case? *

◯ Yes

◯ No

39. If the Answer to 38 Was "Yes," List Pending Motions

[                                                                                ]

40. Has There Been a Preliminary Injunction Issued in This Case? *

If so, has there been a motion to vacate the preliminary injunction filed?

[                                                                                ]

41. Enforcement and Registration Agencies *

Select all agencies that enforce or require Plaintiff's reporting, registration, and enforcement requirements

☐ TBI

☐ TN Department of Correction

☐ County Law Enforcement

☐ City Law Enforcement

☐ U.S. Marshals

☐ Other

42. Which SORA Sections Are You Challenging? *

Please provide the specific section(s) of SORA believed to be unconstitutional (e.g. § 40-39-202(10); § 40-39-212(a)-(c), etc.)

43. Has Plaintiff Been Charged and/or Convicted of Any Offense Related to Failure to Comply with SORA? *

If so, provide details below

This content is neither created nor endorsed by Microsoft. The data you submit will be sent to the form owner.

Microsoft Forms

Case 3:26-cv-00105    Document 16    Filed 04/20/26    Page 17 of 17 PageID #: 206